## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

              Plaintiff,

      vs.

$4,698,514.00 in United States Currency;

$630,680.00 in United States Currency;

$2,033,094.98 in Funds Seized from JP Morgan Chase Account;

$205,358.00 in Funds Seized from Rago Wright Account;

KAWS "Close the Door Behind You" Painting;

Andy Warhol Apple Painting;

Edward Bell's "David Starts to Make Up for Scary Monsters" 1980 Polaroid;

Rolex Daytona Chronograph Watch;

Audemars Piquet Oak Offshore Chronograph Watch;

Patek Philippe Aquanaut Watch;

Rolex Day-Date 36 President Watch;

Rolex "Hulk" Submariner Watch;

Rolex 18K Yellow Gold Datejust Watch with 36mm case;

Rolex 18K Yellow Gold Datejust Watch with 26mm case;

Rolex President Day-Date 18k Rose Gold Watch;

Civil No. 8:24-CV-160

**ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANT FRANCESCA TOSTI AND DEMAND FOR JURY TRIAL**

Platinum and Diamond 3 Stone Ring;
Silver Metal and Diamond 36MM Bezel;

14K White Gold and Diamond Tennis
Bracelet;

Australian Gold Lunar $100 Coin;

Counterfeit Cartier 18K Love Bracelet;

Hermès Grand Attelage Flatware;

Tiffany & Co. Platinum and Diamond Ring;

Tiffany & Co. 18K Yellow Gold and
Yellow Diamond Ring;

18K Yellow Gold and Diamond Ring;

Art Smith Modernist Brass Necklace;

18K Yellow Gold Necklace;

Art Smith Modernist Brass and Copper Cuff
Bracelet;

Art Smith Modernist Copper Bracelet;

18K Yellow Gold Curb Link ID Bracelet;

Pair of Art Smith Modernist Ear Clips;

Pair of Art Smith Modernist Ear Pendants;

George Nakashima American Black Walnut
Double Settee;

Set of East Indian Laurel Wood Dining
Chairs;

East Indian Laurel Wood Dining Table;

George Nakashima American Black Walnut
Coffee Table;

George Nakashima Seat Lounge Chair;

Pair of Mira Nakashima Grajalas
Nightstands;

George Nakashima Dovetailed Double
Dresser;

Wood Bed Frame;

Arthur Espenet Carpenter II Cabinets;

Arthur Espenet Carpenter II Headboard;

Arthur Espenet Carpenter II Mahogany Slab
Headboard;

Wood Cube Side Table;

Arthur Espenet Carpenter II Mushroom
Chest;

Jean Prouvé Sideboard;

JD Blunk Redword Sculpture;

Isamu Noguchi Kaki-Persimmons
Galvanized Steel;

Isamu Noguchi Messenger 2B Bronze Plate;

George Nakashima Grass Seated Stool;

Sori Yanagi Butterfly Stool;

Perre Jeanneret Teak and Enameled Steel
Stools;

Costa Rican Ceremonial Volcanic Stone
Metate;

Wharton Esherick 2 Ash Chairs;

3

Axel Einar Hjorth Uto Coffee Table;
Blue Nazca Textile;

Framed Nazca Textile Woven Fabric;

Arthur Espenet Carpenter II Wooden Chest;

Arthur Espenet Carpenter II Low Table;

Native American Stone Tool with Incised
Features;

Native American Stone Tool with Long
Implement;

George Nelson Pill Clock;

Charles Eames Child's Chair;

Isamu Nogushi "Rudder" stool;

Greta M. Grossman Cobra Table Lamp;

Eames LTR Side Table;

Arthur Espenet Carpenter II Bookshelf
Cabinets;

Massim Lime Spatula;

Olmec Stone Figure;

Olmec Implement,

                Defendants.

## ANSWER & AFFIRMATIVE DEFENSES OF CLAIMANT FRANCESCA TOSTI

Pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, Rule G, Francesca Tosti ("Claimant") does, on her own behalf, and in her capacity as

Administrator of the Estate of James Reja, hereby submit her Answer and Affirmative Defenses as follows:

## ANSWER

1.      Paragraph 1 states conclusions of law to which no response is required.  To the extent that Paragraph 1 may be read to make allegations of fact concerning Claimant or the defendant property, those allegations are denied.

2.      Claimant is without sufficient knowledge or information to form a belief as to the trust of the allegations contained in Paragraph 2 of the Complaint and therefore denies all allegations therein.

3.      Claimant is without sufficient knowledge or information to form a belief as to the trust of the allegations contained in Paragraph 3 of the Complaint and therefore denies all allegations therein.

4.      Claimant admits that CBP wrongfully seized funds to which Claimant has a legal claim in the amount of $2,033,094.98, Claimant is without sufficient information or knowledge to know the precise account the funds were wrongfully taken from, but is informed and believes they were seized from JP Morgan Chase Account XXXX2583 on November 8, 2023, five days prior to the unlawful killing and wrongful death of James Reja at the hands of the US Mashall's Office, the Department of Homeland Security, Homeland Security Investigations, and U.S. Immigration and Customs Enforcement ("ICE"). Claimant is without sufficient information and knowledge to know whether these funds are currently in the custody of CBP.

5.      Claimant admits that CBP wrongfully seized funds in the amount of $205,358.00, but is without sufficient information and knowledge as to the date these funds were seized nor doe the Claimant know the precise account the funds were taken from.   Claimant is without sufficient information and knowledge to know whether these funds are currently in the custody of CBP.

6.      Claimant submits an Answer as to the defendant art as follows:

   a.   Claimant is without sufficient information or knowledge to know whether this art, as with the art to which Claimant has submitted a Verified Claim, was also wrongfully seized wrongfully seized by CBP, nor does Claimant have sufficient information or knowledge as

2

to the precise date this art would have been wrongfully seized by CBP.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.

b. Claimant is without sufficient information or knowledge to know whether this art, as with the art to which Claimant has submitted a Verified Claim, was also wrongfully seized by CBP, nor does Claimant have sufficient information or knowledge as to the precise date this art would have been wrongfully seized by CBP.

c. Claimant admits the artwork referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this artwork is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

7. Claimant admits certain jewelry items were wrongfully seized by CBP as follows:

a. Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.   Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

b. Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

c. Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

d. Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture

3

under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

e.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

f.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

g.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

h.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

i.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

j.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

k.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on

4

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

l.   Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

m.   Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

n.   Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

o.   Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

p.   Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

q.   Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture

under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

r.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

s.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

t.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

u.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

v.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

w.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

x.  Claimant admits the jewelry referenced in this subparagraph was wrongfully seized on

6

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this jewelry is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

8. Claimant submits an Answer as to the defendant furniture as follows:

   a. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

   b. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

   c. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

   d. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

   e. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

   f. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

7

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

g.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

h.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

i.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

j.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

k.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

l.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

8

m.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

n.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

o.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

p.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

q.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

r.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

s.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

9

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

t.   Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

u.   Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

v.   Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

w.   Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

x.   Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

y.   Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

10

z.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

aa. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

bb. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

cc. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

dd. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

ee. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

ff. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

11

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

gg. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

hh. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

ii.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

jj.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

kk. Claimant admits the furniture referenced in this subparagraph was wrongfully seized on

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

ll.  Claimant admits the furniture referenced in this subparagraph was wrongfully seized on

December 12, 2023.  Claimant is without sufficient information or knowledge to know if it

is in the custody of CBP.  Claimant denies this furniture is subject to seizure and/or

forfeiture under 18 U.S.C. §§981(a)(1)(A) or 21 U.S.C. § 881.

12

**Jurisdiction and Venue**

9.      Claimant asserts the allegations in this paragraph are legal conclusions to which no response is required.  To the extent the Court requires a response, Claimant asserts the statutes referenced in this paragraph speak for themselves, and therefore the allegations in this paragraph – including the allegation that this Court has jurisdiction – are denied in order to preserve all defenses.

10.      Claimant asserts the allegations in this paragraph are legal conclusions to which no response is required.  To the extent the Court requires a response, Claimant denies that acts or omissions giving rise to seizure and forfeiture occurred in this district and, therefore, deny that this Court has jurisdiction.

11.      Claimant asserts the allegations in this paragraph are legal conclusions to which no response is required.  To the extent the Court requires a response, Claimant denies that acts or omissions giving rise to seizure and forfeiture occurred in this district and, therefore, deny that venue is proper in this district.

**Grounds for Forfeiture**

12. Claimant denies the allegations in this paragraph are true and correct.

13. Claimant denies the allegations in this paragraph are true and correct.

14. Claimant denies the allegations in this paragraph are true and correct.

**Alleged Facts**

15.      Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

16.      Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

17.      Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

18.      Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

19.      Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

13

20.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

21.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

22.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

23.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

24.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

25.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

26.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

27.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein; however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

28.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland

14

Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

29.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

30.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

31.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

32.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.  In addition, based upon Plaintiff's false representations in other paragraphs of the Complaint as to the tone and tenor and meaning and instigator of certain conversations relied upon in the Complaint, Claimant denies LERIDERMANN (sic) and REJA "discussed" the FastBox transportation business; based upon similar allegations as to "conversations" and "discussions," it is likely CD-2 was the only one "discussing" the FastBox transportation business.

33.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration

16

status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

34.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

35.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

36.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-3 was coerced into giving false

17

testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval

37.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.  In addition, based upon Plaintiff's false representations in other paragraphs of the Complaint as to the tone and tenor and meaning and instigator of certain conversations relied upon in the Complaint, Claimant denies the allegation that the recorded calls established the $150,000 in U.S. Currency was "narcotics proceeds."

38.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.  In addition, based upon Plaintiff's false representations in other paragraphs of the Complaint as to the tone and tenor and meaning and instigator of certain conversations

relied upon in the Complaint, Claimant denies the allegation that CD-2 knew that REJA was responsible for maintaining the cash proceeds of the alleged illegal marijuana transport business.

39.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon Plaintiff's false representations in other paragraphs of the Complaint as to the so-called "evidence" and conclusions drawn therefrom, Claimant denies the allegation that the sole source of cash derived by REJA from 1999 to 2023 was from the alleged illegal sale and transportation of marijuana and marijuana proceeds because REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, Claimant also denies REJA was involved in the alleged illegal sale and transportation of marijuana and marijuana proceeds from 1999 to 2023; based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

40.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

41.    Claimant is without sufficient information and knowledge to form a belief as to the truth or

19

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

42.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

43.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

44.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland

Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

45.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

46.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes Ms. Branch was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

47.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

48.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

49.    Claimant is without sufficient information and knowledge to form a belief as to the truth or

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

50.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

51.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon Plaintiff's false representations in other paragraphs of the Complaint as to the so-called "evidence" and conclusions drawn therefrom, Claimant denies the allegation that the sole source of cash derived by REJA from 1999 to 2023 was from the alleged illegal sale and transportation of marijuana and marijuana proceeds because REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, Claimant also denies REJA was involved in the alleged illegal sale and transportation of marijuana and marijuana proceeds from 1999 to 2023; based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant denies CD-2 is credible and reliable and, upon information and belief, CD-2 was coerced into giving false testimony by and through intimidating behavior, false information, threats as to CD-2's legal/immigration status and/or the legal/immigration status of family members of CD-2, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.

52.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

53.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

54.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

55.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

22

56.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

57.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

58.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

59.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

60.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

61.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

62.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

63.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

64.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

**SEIZURE OF $2,033,094.98 FROM JP MORGAN CHASE ACCOUNT XXXX2583**

65.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

66.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

67.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

68.     Claimant is without sufficient information and knowledge to form a belief as to the truth or

23

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

69.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

70.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

71.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

72.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

73.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

74.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

75.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

76.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

77.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

78.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

79.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

80.     Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

81.     Claimant is without sufficient information and knowledge to form a belief as to the truth or

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

82.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

83.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

84.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

85.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

86.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

87.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

88.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

89.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

90.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

91.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

92.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

93.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

94.    Claimant is without sufficient information and knowledge to form a belief as to the truth or

25

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

95.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

96.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

97.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

98.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

99.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

100.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

101.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

102.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

103.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes James REJA's disabilities were not taken into account when attempting to execute this federal search warrant on James REJA aka REGA.  Moreover, upon information and belief, the only reason James REJA was able to avoid being safely apprehended without violence is that agents of the Department of Homeland Security, Homeland Security Investigations, and/or the US Marshall's Office were grossly negligent and, instead of implementing standard law enforcement tactics,

26

instead forced a co-defendant to place a call to James REJA despite knowing this co-defendant would reveal to James REJA that the co-defendant was in custody.  But for the gross negligence of the U.S. Marshall's Service, the Department of Homeland Security, and Homeland Security Investigations, and agents thereof, James REJA would have been apprehended without violence and would still be alive today.

104.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

105.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, as noted above, REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds.  Accordingly, Claimant denies the allegations that the LAS PALMAS RESIDENCE was purchased and/or maintained by illicit proceeds, and denies that the SEWARD RESIDENCE was used to facilitate the laundering of illicit proceeds into the banking system.

106.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

107.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

108.    Claimant denies the allegations in this paragraph and submits the following for the Court's consideration.  As set forth in $50 million wrongful death claims submitted to the U.S. Marshall's Service, the Department of Homeland Security, Homeland Security Investigations, and/or Customs and Border Patrol, the federal agents involved knew, or should have known,  James REJA was mentally ill and suffered from a disability recognized under the Americans with Disabilities Act at the time they were seeking to apprehend him.  Agents of the U.S. Marshall's Service, the Department of Homeland Security, Homeland Security Investigations, and/or Customs and Border Patrol intentionally interfered with the dispensation of Mr. REJA's mental health medications in order to confront him at a pharmacy in the Brentwood area of Los Angeles when he went to pick up these medications.  In other words, instead of acknowledging and

27

accommodating James REJA's disabilities in connection with his arrest, as they are legally required to do, they instead exploited it with deadly consequences. Instead of taking James REJA into custody after exiting his vehicle, or before entering the pharmacy, by surprise, agents of the U.S. Marshall's Service, the Department of Homeland Security, Homeland Security Investigations, and/or Customs and Border Patrol instead allowed James REJA to walk into the pharmacy to obtain his medications and then confronted him – with guns drawn – when he was exiting the pharmacy knowing full well James REJA was mentally ill and this confrontation would only exacerbate his condition. This, not surprisingly, caused James REJA to threaten to self-harm by placing a gun to his head. The Autopsy Report shows that James REJA suffered three gunshot wounds, labelled 1, 2, and 3. The Autopsy Report states that by numbering the gunshot wounds, it is not intended that any conclusion as to the order of the gunshots be drawn from this, or words to similar effect. The Autopsy Report also states that agents fired when James REJA drew a gun. Upon information and belief, due to his disability/mental illness, and because of the grossly negligent and unlawful manner in which agents conducted themselves on that day, James REJA placed a gun to his head to threaten self-harm, causing the agents to fire their weapons, and that upon being hit by these shots, James REJA suffered involuntarily spasms and contractions of muscles that caused him to pull the trigger of the gun he placed at this head to threaten self-harm. Counsel for Claimant attempted to get the videotape of the killing from the property manager in charge of the pharmacy, but was told "the feds" told him not to release the video to anyone. At present, the take down of James REJA is under investigation by all of the relevant federal agencies, which will be concluded in early November. That counsel for the U.S. Government would allege, in a Verified Complaint, that James REJA "committed suicide" to "avoid apprehension from law enforcement" and then repeat this to reporters, solely to advance their civil forfeiture case and to get members of the public to believe the government's story before the trial of this matter is something that should shock the conscience of this Court and the community.

109.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

110.    Claimant is without sufficient information and knowledge to form a belief as to the truth or

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

111.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. Claimant denies the allegation that the sole source of cash derived by REJA from 1999 to 2023 was from the alleged illegal sale and transportation of marijuana and marijuana proceeds because REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, Claimant also denies REJA was involved in the alleged illegal sale and transportation of marijuana and marijuana proceeds from 1999 to 2023.

112.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. Claimant denies the allegation that the sole source of cash derived by REJA from 1999 to 2023 was from the alleged illegal sale and transportation of marijuana and marijuana proceeds because REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, Claimant also denies REJA was involved in the alleged illegal sale and transportation of marijuana and marijuana proceeds from 1999 to 2023.

113.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. however, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes CD-3 was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.  In fact, when asked if the federal government would be seizing any of the assets CD-3 purchased with funds obtained from James REJA, as the federal government is trying to do with James REJA, CD-3 did not respond, which indicates that, in exchange for testimony he knows the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent

Craig Allrich wants from him, he simply gave them information he knew they wanted to hear.  As explained *supra*, REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, and CD-3 had no way to verify the source of the funds that were allegedly given to him by James REJA.  In addition, CD-3 sold, without consent, property belonging to Claimant and, while acting on behalf of the federal government, negligently handled property belonging to Claimant, causing damage, and also failed to turn over all property of Claimant CD-3 was holding on behalf of the federal government.  Unless resolved, separate litigation will be filed based on this conduct, however, for the purposes of this action, it should be noted that CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

114.    Claimant admits CD-3 has years of experience in the art market, but lacks sufficient information and knowledge to form a belief as to the truth of the allegation that he had knowledge of the real estate market, or is extremely knowledgeable in the Los Angeles, California high-end art and real estate markets.  Although CD-3 might be knowledgeable, upon information and belief, he concluded purchases on behalf of James REJA for items that were either forgeries, copies, or replicas of items James REJA paid based on the representation they were authentic.  In other words, CD-3 was either duped, or he duped James REJA.  This suggests he is either not knowledgeable, or knowledgeable as to how to dupe customers.

115.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

116.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, Claimant notes REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, and CD-3 had no way to verify the source of the funds that were allegedly given to him by James REJA.  In addition, CD-3 sold, without consent, property belonging to Claimant and, while acting on behalf of the federal government, negligently handled property belonging to Claimant, causing damage, and also failed to turn over all property of

30

Claimant CD-3 was holding on behalf of the federal government. Unless resolved, separate litigation will be filed based on this conduct, however, for the purposes of this action, it should be noted that CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

117.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, Claimant notes REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, and CD-3 had no way to verify the source of the funds that were allegedly given to him by James REJA or "know" were purchased from marijuana proceeds. In addition, CD-3 sold, without consent, property belonging to Claimant and, while acting on behalf of the federal government, negligently handled property belonging to Claimant, causing damage, and also failed to turn over all property of Claimant CD-3 was holding on behalf of the federal government. Unless resolved, separate litigation will be filed based on this conduct, however, for the purposes of this action, it should be noted that CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

118.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

119.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

120.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

121.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

31

122.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

123.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, Claimant notes REJA had substantial sources of income which had nothing to do with the alleged illegal sale and transportation of marijuana and marijuana proceeds, and CD-3 had no way to verify the source of the funds that were allegedly given to him by James REJA or "know" they were derived from the illegal sale of marijuana.  In addition, CD-3 sold, without consent, property belonging to Claimant and, while acting on behalf of the federal government, negligently handled property belonging to Claimant, causing damage, and also failed to turn over all property of Claimant CD-3 was holding on behalf of the federal government.  Unless resolved, separate litigation will be filed based on this conduct, however, for the purposes of this action, it should be noted that CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.  In addition, based upon firsthand knowledge of tactics used by agents of the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich, Claimant upon information and belief, believes CD-3 was coerced into giving false testimony by and through intimidating behavior, false information, threats, false promises, an agreement not to prosecute, an agreement for favorable treatment by Special Agent Allrich, or agents working under his direct supervision with his specific approval.  In fact, when asked if the federal government would be seizing any of the assets CD-3 purchased with funds obtained from James REJA, as the federal government is trying to do with James REJA, CD-3 did not respond, which indicates that, in exchange for testimony he knows the Department of Homeland Security, and Homeland Security Investigations and, in particular, Special Agent Craig Allrich wants from him, he simply gave them information he knew they wanted to hear.  As for Mr. Reja's alleged statement while there was an outstanding warrant that "all of this over weed" does not mean,

32

by any stretch of the imagination, that he was admitting the source of money used to purchase real property and fine art and furniture was from marijuana proceeds; rather, it is simply an acknowledgement that the government, by virtue of its actions, was attempting to seize and seek forfeiture of property rightfully belonging to him, which was not purchased with alleged proceeds of illegal marijuana sales, "over weed."

## INFORMATION USED TO SEARCH ELK PROPERTY 1

124.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

125.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

126.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

127.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

128.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

129.    Claimant is without sufficient information and knowledge to form a belief as to the truth or

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

130.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.

131.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, CD-3 has lied and has failed to turn over property belonging to others that was entrusted to him under the authority of the federal government, making him a decidedly unreliable witness.  In addition, upon information and belief, there is no 30 foot U-Haul available for rental.  This is a lie.

132.   Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

133.   Claimant admits that CD-3 contacted her in October of 2023 and said James REJA had asked him to look into selling certain furniture items to support Claimant and her two children, Eames and Baylen.  Claimant does not know the source of the funds used to purchase these items, but is informed and believes James REJA had substantial sources of income that had nothing to do with marijuana or its transport and therefore denies these items were purchased with marijuana proceeds.  Claimant admits she was concerned the federal government would wrongfully seize the proceeds of this sale, but denies she was hesitant.  In fact, she arranged for the transport of these items to the art auctioneer at the request and with the consent of James REJA

134.   Claimant admits she had an in-person meeting with CD-3.  CD-3 asked Claimant what furniture was at the house.  Claimant identified a Nakashima table, but denies that she referenced a desire to sell it – CD-3 asked Claimant if she wanted to sell it and other items because he knew, by virtue of his acting as an agent for the federal government, that James REJA had an outstanding warrant and had not

34

made financial provisions for Claimant and her children, Eames and Baylen, and was enticing and inducing her to do so. Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and therefore denies them.

135.    Claimant admits that CD-3 said that REJA kept such a list, and admits that CD-3 believed it was on a computer or easily accessible to REJA. Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and therefore denies them.

136.    Claimant admits that she told CD-3 that she and REJA were together and built this life together. Claimant admits she was afraid that, based on lies, the federal government would seize real property, fine art, furniture, and jewelry on the basis of claims it was from the proceeds of marijuana sales even though she knew James REJA had substantial sources of income that had nothing to do with marijuana or its transport. In fact, at this point, the federal government had already seized funds from the sale of a residence to which Claimant has a community property interest and an innocent homeowner defense. Claimant admits that, based on the overwhelming resources of the federal government, and her lack of resources, she believed the federal government would get away with taking all of the real property, fine art, furniture, and jewelry regardless of whether they had an actual basis to do so. Claimant admits that, in desperation, she stated she would like to keep items of sentimental value. Claimant denies she stated she was with James REJA over a decade, she stated she had been with him for twenty years. Claimant admits she made statements questioning whether the federal government would take everything, but denies any inference that this means she believed the federal government had a right to do so. Claimant admits she made statements about the legality of her ownership of all of REJA's possessions because, under California law, it would have been community property belonging to her based on their marriage. Claimant admits she made statement about the proceeds of the sale of the Las Palmas Residence, but denies any suggestion that it could be "inferred" from these statements, given to CD-3 without him identifying himself as an agent of the government, or without legal counsel, that she had knowledge that the fine art, furniture, and collectables were obtained with proceeds of REJA's alleged drug trafficking activities. In fact, given her long

35

relationship with REJA, Claimant knew James REJA had substantial sources of income that had nothing to do with marijuana or its transport.

137.    Claimant admits Plaintiff wrongfully seized the items identified in this paragraph and subparagraphs.  Claimant alleges this seizure was based upon lies told to a federal court functionary without reasonable or probable cause.

138.    Claimant admits Plaintiff wrongfully seized the items identified in this paragraph and subparagraphs.  Claimant alleges this seizure was based upon lies told to a federal court functionary without reasonable or probable cause

139.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

140.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

141.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

142.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

143.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

144.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

145.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

146.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

147.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

36

148.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

149.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

150.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

151.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

152.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

153.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

154.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

155.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

156.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

157.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

158.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

159.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

37

160.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

161.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

162.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

163.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

164.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

165.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

166.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

167.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

168.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

**SEIZURE OF $205,358.00 FROM RAGO WRIGHT ACCOUNT XXX061**

169.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

170.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. However, Claimant notes there is no allegation that any of these items were purchased from the proceeds of

38

marijuana sales or transport.

171.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

172.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

173.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

174.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

175.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. Claimant alleges this seizure was based upon lies told to a federal court functionary without reasonable or probable cause.

176.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

177.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

178.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

179.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

180.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

181.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

182.    Claimant is without sufficient information and knowledge to form a belief as to the truth or

falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein.

183.    Claimant is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny all allegations contained therein. Claimant alleges this seizure was based upon lies told to a federal court functionary without reasonable or probable cause.

### CLAIM FOR RELIEF

Claimant denies this Court should grant any relief based on the Complaint, and further denies the laws, regulations, and rules of this Court would give it good grounds for forfeiture of the subject properties, or that the properties could be lawfully condemned, as forfeited, to the United States of America and disposed of according to law and regulations, and that costs of this action be assessed against the properties, and denies that such other and further relief be granted as it would not be just nor equitable for this Court to do so.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Claimant is an innocent owner under 18 U.S.C. §§983(d)(1)-(6).

### SECOND AFFIRMATIVE DEFENSE

The proposed forfeiture would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States and would be grossly disproportionate; to the extent any of the defendant property is subject to forfeiture, this Answer shall serve as a petition under 18 U.S.C. §§983(g) for the Court to determine whether the forfeiture is constitutionally excessive.

### THIRD AFFIRMATIVE DEFENSE

The government's seizure of the defendant property violates the Claimant's Fourth Amendment right to be free from illegal searches and seizures.

### FOURTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because James REJA is dead and therefore neither he nor his property can be held liable either civilly or criminally for any alleged illegal activity.

40

## FIFTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because it obtained the underlying seizure warrants through incorrect, misleading, or incomplete allegations.

## SIXTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because it has unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment under the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because the statute of limitations has expired.

## NINTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because the government's Complaint does not comply with Supplemental Rule G to "sufficiently state detailed facts to support a reasonable belief that the government will be able to meet its burden at trial." The claims set forth in the Complaint are almost entirely dependent upon the testimony of CD-2 and CD-3 and neither of them would have the requisite knowledge of the totality of James REJA's sources of income, and thus no way of knowing the source of the funds used to purchase the defendant property was the result of alleged unlawful activity.

## TENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because this Court lacks subject matter jurisdiction.

## ELEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because this Court lacks personal jurisdiction over the defendant property.

## TWELFTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because there is not a substantial connection between the defendant property and the alleged offense.

41

## THIRTEENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because Claimant was a bona fide purchaser and/or seller of goods and did not know and was reasonably without cause to believe that the defendant property was subject to forfeiture.

## FOURTEENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because the Claimant acquired his or her interest in the property through marriage, divorce, or legal separation, or the claimant was the spouse or legal dependent of a person whose death resulted in the transfer of the property to the claimant through inheritance or probate.

## FIFTEENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because doing so would violate Claimant's rights to procedural and substantive Due Process under the Fifth Amendment of the Constitution of the United States.

## SIXTEENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because forfeiture of the defendant currency is barred by the Appropriations Clause of Article 1, Section 9 of the United States Constitution.  If the forfeiture is completed, federal law enforcement agencies will be able to use the money from the forfeiture to fund their activities absent an appropriation from Congress.  Under the Appropriations Clause, money for government spending must be secured through Congressional appropriation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because it is equitably and legally estopped from asserting such claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because it has failed to state a claim upon which relief can be granted.

42

## **RESERVATION OF RIGHTS**

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative

defenses upon the discovery of additional information.

### **CLAIMANT'S DEMAND FOR JURY TRIAL**

Claimant hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

BY:/s/ Robert C. Matz

Robert C. Matz
Matz Law Alameda
1516 Oak Street, Suite 104
Alameda, CA 94501
(510) 710-1071
robert@matzlawgroup.legal

Attorney for Claimants Francesca

Tosti, Gina Nieto, and Giacomo

Tosti

43

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 24th, 2024, the undersigned caused the foregoing to be filed with the United States District Court for the District of Nebraska using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

KIMBERLY C. BUNJER, #20962
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail:  kim.bunjer@usdoj.gov

Attorney for Plaintiff

MIKALA PURDY-STEENHOLDT
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail: MPurdySteenholdt@usa.doj.gov

Attorney for Plaintiff

Richard C. Klugh
RICHARD KLUGH LAW FIRM
40 N.W. 3rd Street
PH1
Miami, FL 33128
305-903-6900
rickklu@aol.com

Attorney for Brooke Bregman

**Alyssa L. Silvaggi**
BLACK SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
954-802-9414
asilvaggi@royblack.com
 *Assigned: 08/02/2024*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*

representing   **Adam Ross Bregman**
              *(Claimant)*

**Howard M. Srebnick**
BLACK SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
305-358-2006 (fax)
hsrebnick@royblack.com

BY: */s/ Robert C. Matz*
    Robert C. Matz
    Matz Law Alameda
    1516 Oak Street, Suite 104
    Alameda, CA 94501
    (510) 710-1071
    robert@matzlawgroup.legal


    Attorney for Claimants Francesca
    Tosti, Gina Nieto, and Giacomo Tosti